# NO. 12-14-00279-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARDONE' PRICE,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant attempts to appeal the judgment adjudicating guilt in a burglary case. We dismiss for want of jurisdiction.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after sentence is imposed in open court. TEX. R. APP. P. 26.2(a)(1). When, as here, a motion for new trial is timely filed, the notice of appeal must be filed within ninety days after sentence is imposed in open court. TEX. R. APP. P. 26.2(a)(2). Appellant's sentence was imposed in open court on June 23, 2014, and he timely filed a motion for new trial. Therefore, Appellant's notice of appeal was due to have been filed on or before September 22, 2014. However, Appellant did not file his notice of appeal until September 24, 2014, and did not file a motion for extension of time to file the notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On December 2, 2014, this court notified Appellant that his notice of appeal was untimely and that there was no timely motion for an extension of time to file the notice of appeal as permitted by Rule 26.3. Appellant was further informed that the appeal would be dismissed

unless, on or before December 12, 2014, the information filed in this appeal was amended to show the jurisdiction of this court. On December 12, 2014, Appellant filed a motion to extend the time for filing his notice of appeal to September 24, 2014. However, his motion was not filed on or before October 7, 2014 (fifteen days after the deadline for filing the notice of appeal) as required by Rule 26.3. Therefore, the motion is untimely and must be overruled. *See* TEX. R. APP. 26.3.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed. *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, Appellant's motion for extension of time to file the notice of appeal is ***overruled***, and the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered January 7, 2015.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 7, 2014**

**NO. 12-14-00279-CR**

**CHARDONE' PRICE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1289-13)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*